**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:16-cv-23931-UU**

**ANYEE CALDERON, SARAI ARIAS,**
**REINA HERNANDEZ, RUTH MARIELA CASTRO,**
**And others similarly-situated,**

**Plaintiffs,**
**v.**

**LAS OLAS CAFÉ, LLC, *et. al.***

**Defendants.**
_________________________________________/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, **ANYEE CALDERON, SARAI ARIAS, REINA HERNANDEZ,** and **RUTH MARIELA CASTRO** ("Plaintiffs"), and Defendants, **LAS OLAS CAFÉ, LLC and CARLOS FLORES** (collectively "Defendants")(Plaintiffs and Defendants collectively referred to as "Parties"), by and through their respective undersigned counsel, hereby jointly move for Court approval of the mutually-agreed upon terms and conditions of a settlement between them (which Settlement Agreement is being jointly submitted to the Court by e-mail for *in camera* review) of Plaintiffs' claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq*.. If the Court approves the parties' Settlement Agreement, the parties respectfully request dismissal of the above-captioned action with prejudice, in its entirety, with the parties to bear their own costs, fees, and expenses except as otherwise set forth in the Settlement Agreement. In support thereof, the parties state as follows:

**MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION**

1. Plaintiffs filed a lawsuit against the Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq*. ("FLSA") for unpaid wages.
2. Defendants deny any and all allegations of wrongdoing, liability or fault, and under the terms of their Settlement Agreement do not admit liability.
3. To avoid the costs associated with continued litigation, the parties reached a complete settlement of the claims asserted in Plaintiffs' Complaint.
4. In accordance with *Lynne's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties seek Court approval of the settlement of Plaintiffs' FLSA claims.
5. The Parties are jointly submitting the actual Settlement Agreement *in camera* for the Court's review.

**WHEREFORE**, Plaintiffs and Defendants jointly move for court approval of their Settlement Agreement, which is being submitted *in camera*, and for the entry of the proposed Order being submitted contemporaneous with this Motion, following which the parties jointly move that this case be dismissed with prejudice and that the case be closed.

**MEMORANDUM OF LAW**

There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynne's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id*. The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of

> the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354; *see also Brooks v. Continental Property Services, Inc*., No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co*., No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc*., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp*., 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc*., 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), adopted at 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

The settlement here is the negotiated result of an adversarial proceeding which itself is an indication of its fairness. In *Lynn's Food Stores,* Judge Goldberg, sitting on the Eleventh Circuit

by designation, noted that the initiation of the action by the employees provides some assurance of an adversarial context. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. 679 F.2d at 1354.

Here Plaintiffs made claims for unpaid overtime wages, and Defendants denied Plaintiffs' claims and asserted a number of defenses. Plaintiffs' ability to recover what they obtained in settlement was in question. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all"). Here, the parties' Settlement Agreement represents an outcome that is reasonable given the facts of the case.

Both parties have stated that the proposed settlement is reasonable and fair, and that in arriving at the proposed settlement they considered: (1) liability disputes, including whether the FLSA applies and whether Plaintiff was compensated properly for all wages in accordance with the FLSA, (2) whether Plaintiff is entitled to alleged liquidated damages and whether the alleged FLSA violations were willful, and (3) the likelihood of Plaintiffs' success on the merits on both the unpaid wages and retaliation claims.

Plaintiffs' counsel's attorney's fees and costs were negotiated separate and apart from Plaintiffs' claims and the amount paid by the Defendants for Plaintiffs' attorney's fees and costs constitute full satisfaction of Plaintiffs' counsel's fees and costs. The parties agree that this amount represents reasonable attorneys' fees and costs.

Under the factors outlined in *Manson v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. Feb. 17, 2012), the parties assert

that: (1) there is absolutely no collusion behind this Agreement; (2) the expense and likely duration of the litigation would by far have exceeded the amount of the settlement reached; (3) settlement was reached relatively early in the proceedings, however, given the substantial amount of evidence, the number of witnesses involved, and the number of legal implications surrounding the case, this matter would have required extensive litigation and judicial involvement; (4) while Plaintiff alleged violations of the FLSA, there was also strong opposition and a possibility that Plaintiff would not have been able to prevail; and (5) in the opinions of counsel, the settlement reached – including the separate amount negotiated for Plaintiffs' attorney's fees and costs - was in the best interest of the parties and represented a fair and reasonable compromise of disputed claims.

The parties have been represented by counsel experienced in FLSA litigation at all times. Further, the settlement was a product of an extended mediation session. Counsel have zealously represented their clients' respective interests, and have negotiated a settlement that is acceptable to Plaintiffs and Defendants. In the opinion of undersigned counsel for the parties, the expense of litigation through trial and any appeal would have far exceeded the potential value of this case.

**WHEREFORE**, Plaintiffs and Defendants respectfully request that the Court:

(i) approve the terms and conditions of the Settlement Agreement being submitted *in camera*;

(ii) dismiss the instant action in its entirety with prejudice, each party to bear its own costs, fees, and expenses except as otherwise set forth in the settlement agreement; and

(iii) retain jurisdiction to enforce the terms of the parties' Settlement Agreement should such enforcement be necessary.

A proposed Order accompanies this Motion.

Respectfully submitted on May 17, 2017.

ATTORNEYS FOR PLAINTIFFS

By: _/s/ ***Brody M. Shulman***___________

Jason S. Remer, Esquire
Florida Bar No.:0165580
Email: jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
bshulman@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
COURTHOUSE TOWER
44 West Flagler Street
Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

ATTORNEY FOR DEFENDANTS

By:___ /s/***Miguel Armenteros*** ________
Miguel Armenteros, Esq.
Florida Bar No.: 14929
E-mail miguel@pbyalaw.com
eservicemia@pbyalaw.com

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT P.L.
283 Catalonia Avenue,
Suite 200
Coral Gables, Florida 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Brody M. Shulman*
BRODY M. SHULMAN, ESQ.