**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:16-cv-23931-UU

ANYEE CALDERON, *et al.*,

Plaintiffs,

v.

DOVE FOODS, INC., *et al.*,

Defendants.
______________________________/

**ORDER ON MOTION FOR APPROVAL OF SETTLEMENT**

THIS CAUSE is before the Court upon the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, D.E. 52.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

This action arises out of Plaintiff's employment with Defendants. Plaintiff filed his Complaint on August 5, 2016, alleging that Defendants: (1) failed to pay minimum wage and overtime compensation to Plaintiff, in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") (Counts I-IV); (2) discharged Plaintiff in retaliation for lawful Complaints, in violation of the FLSA (Count V); and (3) unlawfully issued fraudulent 1099 and W-2 forms, in violation of 26 U.S.C. § 7434 (Count VI). D.E. 1-1.

On April 12, 2017, the parties reached an agreement to settle this case in full. D.E. 47. On April 13, 2017, the Court issued its Notice of Court Practice Upon Notice of Settlement of FLSA Case, requiring that the parties submit any motion to approve their settlement by **May 5, 2017.** D.E. 49. The Court thereafter granted the parties until **May 19, 2017** to file such a motion. D.E. 51.

On May 17, 2017, the parties filed this Motion, requesting that the Court approve the parties settlement agreement (the "Agreement"), which the parties represent will be submitted to the Court for an *in camera* review. D.E. 52. The parties **do not** provide any reason to submit their Agreement for an *in camera* review and the Court rejects the parties' invitation to do so.

The Court will deny the parties' Motion. FLSA claims may only be finally settled after the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In addition, "the terms of a settlement in private FLSA actions are generally a matter of public record." *Perez v. In-Rel Properties*, No. 13-80696-CIV, 2014 WL 12613285, at *1 (S.D. Fla. Feb. 11, 2014). For this reason, "[c]ourts regularly reject reviewing FLSA settlements *in camera* because of the public interests implicated by the FLSA itself." *Palacios v. MetroPCS Florida, LLC*, No. 13-61159-CIV, 2013 WL 12152418, at *1 (S.D. Fla. Aug. 12, 2013) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-46 (M.D. Fla. 2010) and *Szakats v. Sabor Havana Cigars of Palm Beach, Inc.*, 2007 WL 3521368, at *1 (S.D. Fla. 2007)); *Melchar-Garcia v. Dong Ying Corp.*, No. 12-22217-CIV, 2014 WL 12606307, at *1 (S.D. Fla. May 30, 2014) (noting that the court "does not review FLSA settlement agreements *in camera*"). In fact, "[t]here is strong support that FLSA settlement agreements should **never** be sealed or reviewed *in camera*." *Webb v. CVS Caremark Corp.*, No. 5:11-CV-106 CAR, 2011 WL 6743284, at *2 (M.D. Ga. Dec. 23, 2011) (emphasis added).

The Court concludes that settlement agreements in FLSA cases should, in virtually all circumstances, be filed in the public record. And in this case, the parties provide no reason whatsoever to justify their unilateral decision to submit the Agreement for *in camera* review. Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 52, is DENIED WITHOUT PREJUDICE. The parties are given leave to resubmit a motion for approval of their proposed settlement agreement, which includes a copy of this agreement, by **Friday, May 19, 2017**, as previously ordered by the Court, D.E. 51. **Failure to provide a motion by such date will result in dismissal of this case without further notice.**

DONE AND ORDERED in Chambers at Miami, Florida, this _17th_ day of May, 2017.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record