# SETTLEMENT AGREEMENT AND RELEASE

1. This Agreement covers all understandings between Plaintiffs, ANYEE CALDERON ("Calderon"), MARIELA RUTH CASTRO ("Castro"), SARAI ARIAS ("Arias), and REINA HERNANDEZ ("Hernandez") (hereinafter collectively referred to as "Plaintiffs," a term which includes Plaintiffs' successors, beneficiaries, personal representatives, and heirs) and Defendants, LAS OLAS CAFÉ, INC. ("Las Olas") and CARLOS FLORES ("Flores") (hereinafter collectively referred to as "Defendants," a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiffs agree as follows:

A. To settle any and all claims and actions of any nature whatsoever between Plaintiffs and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiffs' alleged employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuits styled Calderon, et. al. v. Las Olas Café, LLC, Case No.: 16-cv-23931, pending in the United States District Court for the Southern District of Florida, (the "FLSA Lawsuit") and Calderon, et. al. v. Las Olas Café, LLC, Case No.: 17-5086-CA-01, pending in the Circuit Court for Miami-Dade County, Fl (the "FMWA Lawsuit"), including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Plaintiffs waive and release all similar rights and claims under all other federal, state and/or local anti-discrimination statutes, regulations, ordinances or provisions regulating the terms and conditions of employment, under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of emotional distress, fraud or any other unlawful behavior, the existence of which is denied by Defendants or otherwise), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between Plaintiffs and Defendants relating in any way to Plaintiffs' employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiffs, from the beginning of the world to the effective date of this Agreement. In consideration of this Agreement the Plaintiffs waive any and all rights they may have under these laws

as to events which have occurred prior to the date of this Agreement and acknowledges that Defendants have not discriminated against them, (b) breached any contract with them, (c) committed any civil wrong (tort) against them, or (d) otherwise acted unlawfully toward them. However, this release does not compromise, waive, or prejudice any claims for unemployment compensation benefits consistent with Florida Statutes §443.041(1), or any claims arising from work-place injuries, including but not limited to claims for worker's compensation benefits or worker's compensation relief consistent with Florida Statutes §440.21. Defendants agree to release and forever discharge Plaintiffs from any known or unknown claims for consideration herein.

B. To facilitate the dismissal of the FLSA Lawsuit and the FMWA Lawsuit.

C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs.

D. Not to disclose the terms of this Agreement to anyone except Plaintiffs' attorneys, Plaintiffs' tax advisors or as compelled by force of law. In the event Plaintiffs are compelled by force of law to disclose the contents of this Agreement, Plaintiffs agree that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. If any Plaintiff violates the foregoing confidentiality provision or other terms of this Agreement then the violating Plaintiff shall be required to return all sums paid to her under the agreement and forfeit any future payments.

E. To agree that Plaintiffs shall not contact any of Defendants' current or former employees to encourage or incite any such individuals to assert any complaints, claims, charges, or legal proceedings against Defendants.

3. For and in consideration for the promises made by Plaintiffs in Paragraph 2 of this Agreement, Defendants agree to pay consideration in the total amount of Thirty-Two Thousand Two Hundred Fifty and 00/100 Dollars ($32,500) as follows:

A. Within seven (7) days following the approval of this settlement agreement by the Court in the FLSA Lawsuit, Defendants shall deliver the sum of Ten Thousand Dollars and 00/100 Dollars ($10,000) as follows:

(i) $_662.69________ made payable to Anyee Calderon in consideration of her alleged overtime and minimum wages, less applicable tax withholdings;

(ii) $__662.69________ made payable to Ruth Mariela Castro in consideration of her alleged overtime and minimum wages, less applicable tax withholdings;

(iii) $_662.69_________ made payable to Sarai Arias in consideration of her alleged overtime and minimum wages, less applicable tax withholdings;

(iv) $__662.68________ made payable to Reina Hernandez in consideration of her alleged overtime and minimum wages, less applicable tax withholdings; and

(v) $_7,349.25___________ made payable to Remer & Georges-Pierre, PLLC. (Tax ID # _36-4623742_____________) towards Plaintiffs' costs of $3,349.25__________ and attorneys' fees of $_4,000___________.

B. Thirty days following the payment in subpart A, and every month thereafter for a total of four (4) consecutive payments, the amount of Five Thousand Six Hundred Twenty-Five and 00/100 Dollars ($5,625) as follows:

(i) $__718.75________ made payable to Anyee Calderon in consideration of her alleged overtime and minimum wages, less applicable tax withholdings;

(ii) $___718.75_______ made payable to Ruth Mariela Castro in consideration of her alleged overtime and minimum wages, less applicable tax withholdings;

(iii) $___718.75_______ made payable to Sarai Arias in consideration of her alleged overtime and minimum wages, less applicable tax withholdings;

(iv) $____718.75______ made payable to Reina Hernandez in consideration of her alleged overtime and minimum wages, less applicable tax withholdings;

(v) $_2,750___________ made payable to Remer & Georges-Pierre, PLLC. (Tax ID # __36-4623742_____________) towards Plaintiffs' costs of $___0_______ and attorneys' fees of $_2,750___________.

C. Plaintiffs agree to execute the necessary forms required by the Internal Revenue Service, or any other governmental agency, from employers for the payment of wages and/or other compensation, including but not limited to Form W-4.

D. In exchange for the consideration above, Defendants release Plaintiffs from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiffs' employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents, except for any defenses to those claims excepted from the release being provided by Plaintiffs in Paragraph 2A above.

E. Defendants agree not to disclose the terms of this Agreement to any prospective employer or third party making any inquiry about Plaintiffs. If Defendants are contacted by any such third party or prospective employer, Defendants shall only

confirm Plaintiffs' dates of employment and job position but shall not make disparaging remarks about or against Plaintiffs to any third party.

4. The parties agree and acknowledge that Plaintiffs will seek approval of this Agreement by the Court in the FLSA Lawsuit consistent with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

5. In the event that Plaintiffs or Defendants commence an action to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. Plaintiffs and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7. This Agreement supersedes all prior agreements and understandings between Plaintiffs and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in the Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiffs and an authorized representative of Defendants.

8. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

9. The law governing this Agreement shall be that of the United States of America and the State of Florida.

DATE: 05/10/17 Signature: X Anyee Calderón
ANYEE CALDERON

DATE: 5/10/17 Signature: x [signature]
RUTH MARIELA CASTRO

DATE: 05/15/17 Signature: x [signature]

SARAI ARIAS

DATE: 05 10 17 Signature: x ______________________
REINA HERNANDEZ

DATE:__________ Signature: ______________________
LAS OLAS CAFÉ, LLC
By: ______________________

DATE:__________ Signature: ______________________
CARLOS FLORES

DATE:__________ Signature:______________________________
SARAI ARIAS

DATE:__________ Signature:______________________________
REINA HERNANDEZ

DATE: 05-13-17 Signature:______________________________
LAS OLAS CAFÉ, LLC
By: Carlos Flores

DATE: 05-13-17 Signature:______________________________
CARLOS FLORES